UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MARCELO and MARTHA CARO,

    Plaintiffs,

v.

ONEWEST BANK, FSB; et al.,

    Defendants.

3:11-cv-0699-LRH-VPC

ORDER

Before the court is plaintiffs Marcelo and Martha Caro's ("the Caros") motion to remand. Doc. #36.[1] Defendants filed oppositions to the motion (Doc. ##41, 42) to which the Caros replied (Doc. #44).

**I.    Facts and Procedural History**

In March, 2007, the Caros purchased real property through a mortgage note and deed of trust originated by defendant OneWest. Eventually, the Caros defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, the Caros filed a complaint in state court against defendants alleging three causes of action: (1) unlawful or fraudulent foreclosure; (2) declaratory relief; and (3) injunctive relief. Doc. #2. Defendants removed the action on the basis of diversity jurisdiction. Doc. #1.

---

[1] Refers to the court's docket number.

1  Thereafter, the Caros filed the present motion to remand. Doc. #36.

2  **II.     Legal Standard**

3  Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district
4  courts of the United States have original jurisdiction, may be removed by the defendant or the
5  defendants, to the district court of the United States for the district and division embracing the
6  place where such action is pending." 28 U.S.C. § 1441(a).

7  Removal of a case to a United States district court may be challenged by motion. 28 U.S.C.
8  § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal
9  statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock*
10 *Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566
11 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against
12 removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67;
13 *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

14 **III.    Discussion**

15 **A. Diversity Jurisdiction**

16 A district court has original jurisdiction over civil actions where the suit is between citizens
17 of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.
18 28 U.S.C. § 1332(a). Further, an action based on diversity jurisdiction is "removable only if none of
19 the parties in interest properly joined and served as defendants is a citizen of the state in which such
20 action is brought." 28 U.S.C. § 1441(b). Here, defendants argue that there is complete diversity
21 between the parties because non-diverse defendant Fidelity National Title Agency of Nevada, Inc.
22 ("Fidelity") is a fraudulently joined defendant whose Nevada citizenship cannot be used to defeat
23 the exercise of diversity jurisdiction.

24 A fraudulently joined defendant does not "defeat removal on diversity grounds." *Ritchey v.*
25 *Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Fraudulent joinder "occurs when a plaintiff

26

fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey*, 139 F.3d at 1318; *see also McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *Kruso v. International Tel. & Tel. Corp.,* 872 F.2d 1416, 1426-27 (9th Cir. 1989); *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245, 247 (E.D. Cal. 1992). In determining whether a cause of action is stated against a non-diverse defendant, courts look only to a plaintiff's pleadings. *Gardner v. UICI*, 508 F.3d 559, 561 n.3 (9th Cir. 2007).

Nevada is a notice-pleading jurisdiction which liberally construes pleadings. *Chavez v. Robberson Steel Co.*, 584 P.2d 159, 160 (Nev. 1978). The allegations of a complaint are sufficient to assert a claim for relief when the allegations "give fair notice of the nature and basis" for a claim. *Vacation Village, Inc. v. Hitachi Am., Ltd.*, 874 P.2d 744, 746 (Nev. 1994).

In their complaint, the Caro's only allegation against Fidelity is that it was the original trustee on the Deed of Trust. However, Fidelity was substituted out as the trustee prior to the filing of the underlying Notice of Default and the initiation of non-judicial foreclosure proceedings and the Caros have failed to allege that Fidelity took any action in furthering the allegedly wrongful foreclose on the underlying property. Based on the allegations in the complaint, the court finds that non-diverse defendant Fidelity is a fraudulently joined defendant whose citizenship does not defeat the exercise of diversity jurisdiction. Accordingly, the court finds that there is complete diversity between the parties and that the exercise of diversity jurisdiction is appropriate.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #36) is DENIED.

IT IS SO ORDERED.

DATED this 16th day of April, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE