UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARCELO and MARTHA CARO,<br><br>      Plaintiffs,<br><br>v.<br><br>ONEWEST BANK, FSB; et al.,<br><br>      Defendants. | 3:11-cv-0699-LRH-VPC<br><br>ORDER |

Before the court is defendant Fidelity National Title Agency of Nevada, Inc.'s ("Fidelity") motion to dismiss (Doc. #24[1]) to which defendants OneWest Bank, FSB ("OneWest"); Mortgage Electronic Registration Systems Inc. ("MERS"); and Deutsche Bank National Trust Company ("Deutsche") joined (Doc. #27). Plaintiffs Marcelo and Martha Caro ("the Caros") filed an opposition (Doc. #30) to which Fidelity replied (Doc. #37).

**I.    Facts and Procedural History**

In March, 2007, the Caros purchased real property through a mortgage note and deed of trust originated by defendant OneWest. Eventually, the Caros defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings. Subsequently, the Caros filed a complaint against defendants alleging three causes of action: (1) unlawful or fraudulent foreclosure;

---

[1] Refers to the court's docket number.

(2) declaratory relief; and (3) injunctive relief. Doc. #2. Thereafter, Fidelity filed the present motion to dismiss. Doc. #24.

**II.     Legal Standard**

      Fidelity seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

      Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

      In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)

1  (internal quotation marks omitted). The court discounts these allegations because "they do nothing
2  more than state a legal conclusion—even if that conclusion is cast in the form of a factual
3  allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to
4  dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be
5  plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.  Discussion**

The Caro's complaint is based on activities stemming from the ongoing non-judicial foreclosure of their property. *See* Doc. #2. However, defendant Fidelity, the original trustee on the Deed of Trust, was substituted out as the trustee on September 23, 2009, prior to the initiation of non-judicial foreclosure proceedings and the recordation of the underlying Notice of Default. Doc. #24, Exhibit C. Further, the Caro's complaint fails to allege that Fidelity took any part in the underlying foreclosure of their property. Therefore, the court finds that the Caros fail to state a claim against defendant Fidelity upon which relief can be granted.

As to the additional defendants' joinder, the court notes that these defendants were part of the underlying foreclosure and shall deny their joinder accordingly.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #24) is GRANTED. Defendant Fidelity National Title Agency of Nevada, Inc. is DISMISSED as a defendant in this action.

IT IS FURTHER ORDERED that defendants' joinder (Doc. #27) is DENIED.

IT IS SO ORDERED.

DATED this 16th day of April, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE